674 A.2d 673

Linda LORY, Administratrix of the Estate of Margaret Barr, Deceased, Administratrix of the Estate of David Barr, Deceased, a minor, and Linda Lory, Administratrix of the Estate of Margaret Barr, Deceased, Appellee,

v.

CITY OF PHILADELPHIA, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided April 17, 1996.

Alan C. Ostrow, Philadelphia, for City of Phila.

Philip J. Berg, Lafayette, for Linda Lory.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from a decision of the Commonwealth Court which reversed an order of the Court of Common Pleas of Philadelphia County and granted a new trial in a wrongful death and survival action.

In 1983, a teenage boy, David Barr, drowned when he consumed alcohol and went swimming in Devil's Pool, a natural pond located in a remote and undeveloped portion of a park owned by the City of Philadelphia. On numerous occasions signs had been posted at the pond to prohibit swimming. Vandals promptly removed the signs each time. On the day when Barr drowned, the signs were missing. The present action alleged that the city failed to take adequate measures to warn or guard against swimming in the pond. At trial, the city was found liable.

The Commonwealth Court reversed and remanded for a new trial on the basis that evidence of unrelated drownings in other ponds owned by the city had been erroneously admitted into evidence. The court rejected the argument, however, that a motion by the city for judgment n.o.v. should have been granted. At issue in the present appeal is whether the city was entitled to such a judgment on the ground that it was immune from liability under provisions of the Recreation Use of Land and Water Act (Recreation Act), 68 P.S. § 477–1 et seq., and the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. § 8541 et seq.

The Recreation Act was adopted "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S.

§ 477–1. The act applies only to lands that are largely unimproved in character, and where no admission fee is charged. *Mills v. Commonwealth,* 534 Pa. 519, 524–26, 633 A.2d 1115, 1117–19 (1993); 68 P.S. § 477–6(2). Both publicly owned and privately owned lands are covered by the act. *Walsh v. City of Philadelphia,* 526 Pa. 227, 236–37, 585 A.2d 445, 449–50 (1991).

█ Limiting a landowner's duty of care, the Recreation Act provides:

Except as specifically recognized or provided in section 6 of this act, an owner of land *owes no duty of care to keep the premises safe* for entry or use by others for recreational purposes, *or to give any warning* of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477–3 (emphasis added) (footnote omitted). It also provides, in pertinent part:

Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

68 P.S. § 477–4 (footnote omitted). Thus, the landowner has no duty of care other than what is specified by section 6 of the act. Section 6 provides: "Nothing in this act limits in any way any liability which otherwise exists ... [f]or *wilful or malicious* failure to guard or warn against a dangerous condition, use, structure, or activity." 68 P.S. § 477–6 (emphasis added). Therefore, the city's only liability to users of its undeveloped parkland was for "wilful or malicious" failure to guard or warn against dangers.

█ Although the city repeatedly placed signs to warn against swimming in the pond where Barr drowned, and the

signs were each time removed by vandals, the city would nevertheless be liable under the Recreation Act if it acted willfully or maliciously in failing to guard or warn against dangers posed by the pond.

The Tort Claims Act, however, renders the city immune from claims based on willful or malicious conduct. It waives governmental immunity only with respect to "negligent acts," and specifically declares that negligent acts do not include willful or malicious conduct:

A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):[1]

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense [of immunity] . . .; and

(2) The *injury was caused by the negligent acts* of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). *As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes* a crime, actual fraud, *actual malice or willful misconduct.*

42 Pa.C.S. § 8542(a) (emphasis added).

■ A willful or malicious failure by the city to maintain signs warning of the danger of swimming in the pond cannot, therefore, be deemed a "negligent act" under the Tort Claims

---

1. Subsection (b), 42 Pa.C.S. § 8542(b), sets forth various acts for which liability can be imposed. The care, custody, and control of real property are, *within limits specified in the statute,* acts which can incur liability. 42 Pa.C.S. § 8542(b)(3). In view of our disposition of this appeal on the primary issue presented, we do not reach the city's alternate contention that Barr was an undiscovered trespasser for whom immunity was not waived under 42 Pa.C.S. § 8542(b)(3) which states that "the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."

Act.[2] To hold otherwise would be to ignore the plain language of the statute. In addition, it is well established that exceptions to the rule of absolute governmental immunity "must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro v. Youth Study Center*, 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987). See also *Kiley v. City of Philadelphia*, 537 Pa. 502, 506, 645 A.2d 184, 185–86 (1994) (exceptions to governmental immunity must be "strictly construed.") Hence, the "negligent acts" for which immunity is waived cannot be deemed to include acts of malice and willful misconduct. The Commonwealth Court, in holding to the contrary, erred.

The order of the Commonwealth Court remanding for a new trial, and affirming the denial of the city's motion for judgment n.o.v., is reversed.

NIX, C.J., files a concurring opinion.

CAPPY, J., files a concurring opinion.

NIX, Chief Justice, concurring.

Although I join the result reached by the majority, I must disassociate myself from the majority's reaffirmance of the proposition that the Recreation Use of Land and Water Act, 68 P.S. §§ 477–1 to 477–8 ("RUA"), "applies only to lands that are largely unimproved in character. . . ." Maj. op. at 41. I continue to adhere to the view that there is nothing in the language of the RUA that would suggest that it excludes improved land. *See Walsh v. City of Philadelphia*, 526 Pa. 227, 244, 585 A.2d 445, 453 (1991) (Nix, C.J., dissenting); *Rivera v. Philadelphia Theological Seminary of St. Charles*

---

**2.** The distinction that the Tort Claims Act draws between acts of negligence and acts of malice or willful misconduct parallels established case law which treats these as separate and distinct grounds of liability. See *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 571–79, 212 A.2d 440, 442–46 (1965) (negligence differs from willful or wanton misconduct); *Geelen v. Pennsylvania Railroad Co.*, 400 Pa. 240, 248, 161 A.2d 595, 599–600 (1960); *Turek v. Pennsylvania Railroad Co.*, 369 Pa. 341, 344–46, 85 A.2d 845, 847–48 (1952) (negligence distinguished from willful and wanton misconduct), cert. denied, 343 U.S. 928, 72 S.Ct. 762, 96 L.Ed. 1339 (1952).

*Borromeo, Inc.*, 510 Pa. 1, 27, 507 A.2d 1, 14 (1986) (Nix, C.J., dissenting).

CAPPY, Justice, concurring.

I am constrained to join in the result reached by the Majority, as I believe that it is required by the application of the Recreation Use of Land and Water Act (Recreation Act), 68 P.S. § 477-1 et seq., and the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S.A. § 8541 et seq., to this case. However, I write separately to express my disdain for such a result and to point out the harm and injustice that will follow from this decision.

The Majority correctly concludes that Appellee Lory's claim is barred by the immunity granted to Appellant City pursuant to the Recreation Act when read in *pari materia* with the Tort Claims Act.[1] Specifically, the Majority reasons that even if Appellant City is not deemed to be immune from suit under the Recreation Act because of Appellant City's willful or malicious failure to guard or warn against a dangerous condition, it is nonetheless immune under the Tort Claims Act. The Majority concludes that the Tort Claims Act's immunity for acts of willful misconduct[2] immunizes Appellant City against the Appellee's claim of a willful failure to guard or warn.[3]

1. The Recreation Act grants immunity from tort actions to landowners permitting their property to be used for recreational purposes. However, immunity is not granted for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. 68 P.S. § 477-6. The Tort Claims Act imposes liability for, *inter alia*, negligent acts. However, for purposes of the Tort Claims Act, expressly excluded from the term negligent acts are acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct. 42 Pa.C.S.A. § 8542(a)(2).

2. I assume that where the Majority states on pages 41–42 and 42–43 of the Majority Opinion, that the Tort Claims Act renders the City immune from claims based on "willful or malicious conduct" it means the exceptions from the definition of negligent acts, e.g., acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

3. Thus, the Majority, without explicitly stating so, rejects the Commonwealth Court's distinction between a willful failure to guard or warn

I am compelled to agree that this is a proper reading of the Recreation Act and the Tort Claims Act. However, I am troubled by this application of the Recreation Act and the Tort Claims Act as it leads to the incredible result that even when it is aware of a dangerous and life threatening condition existing on its land, Appellant City is totally insulated from suit and owes no duty to citizens who enter lands covered by the Recreation Act.

When this Court held that the Recreation Act was applicable to the Commonwealth in *Pennsylvania Department of Environmental Resources v. Auresto*, 511 Pa. 73, 511 A.2d 815 (1986), we did so because it was clear that the Commonwealth's exposure to suit should, at least, be the same as that of a private citizen.[4]  Thus, because a private citizen was protected from a suit like that in *Auresto*, the Commonwealth was properly and justly afforded the same immunity.  After the decision in the case *sub judice* however, the Commonwealth will enjoy an immunity greater than that of a private citizen and in fact will enjoy *absolute* immunity from suit with respect to lands subject to the Recreation Act.

The bizarre and unjust outcome of this reading of the Recreation Act and the Tort Claims Act is that Appellant City may be fully aware of, in essence, a death trap on City property which is subject to the Recreation Act, fail or refuse to remove the deadly condition, fail or refuse to guard the deadly condition, or fail or refuse to warn of the deadly condition, and yet remain absolutely immune from any action filed by an innocent victim of this condition.

The absurdity of this result is evidenced by the contorted reasoning employed by the Commonwealth Court to reach a just outcome.  Although I cannot adopt the Commonwealth Court's reasoning, I certainly understand the Commonwealth

under the Recreation Act and willful misconduct under the Tort Claims Act.  Indeed, the Majority implicitly states that willful misconduct includes a willful failure to guard or warn.

**4.**  Our *Auresto* decision dealt with the Sovereign Immunity Act, 42 Pa.C.S.A. § 8501 et seq., as opposed to the Tort Claims Act.  However, for present purposes, the difference between the Acts is inconsequential.

Court's ingenious attempt to inject a sense of fairness into the case. While I ultimately conclude that the distinction between a willful failure to guard or warn and willful misconduct is insupportable, the absolute immunity of Appellant City with respect to lands covered by the Recreation Act is simply unconscionable and not in accord with modern trends of liability.