**Theresa L. WILKINSON and Randy Wilkinson, w/h, Appellants,**

v.

**CONOY TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued April 19, 1996.

Decided June 6, 1996.

Thomas P. Lang, for Appellants.

Audrey J. Copeland, for Appellee.

Before SMITH and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Theresa and Randy Wilkinson (Wilkinsons) appeal from an order of the Lancaster County Court of Common Pleas (trial court) granting summary judgment for Conoy Township (Township). We affirm.

On November 30, 1993, the Wilkinsons filed a complaint against the Township, claiming that, while walking across the grounds of Conoy Township Park on June 9, 1993, Theresa Wilkinson sustained personal injuries, including three fractures in her lower right leg, when she fell into a hole caused

fees already received. The record contains ample proof for determination of the lodestar

amount.

by a removed tree trunk.[1] (Complaint at 4a, 6a.) In the complaint, the Wilkinsons alleged that Mrs. Wilkinson's injuries resulted from the Township's negligence and recklessness, and, more specifically, that the Township created a hazardous condition on its property by permitting a hole to exist which the Township knew or should have known posed an unreasonable risk of danger to Mrs. Wilkinson. (Complaint at 5a.) The Wilkinsons further alleged that the Township failed to adequately warn Mrs. Wilkinson of the hazardous condition, which was undiscoverable through the exercise of reasonable care.[2] (Complaint at 5a–6a.)

On August 8, 1994, the Township filed a timely answer and new matter, denying the material allegations of the Wilkinsons' complaint and asserting that the Wilkinsons' claims are barred by the act commonly referred to as the Recreational Use of Land and Water Act (RULWA).[3] (R.R. at 11a–17a.)

Subsequently, on July 7, 1995, the Township filed a Motion for Summary Judgment and submitted a brief in support of that motion. In its brief, the Township argued that it is immune from liability in this case, both under RULWA and the act commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541–8542. The Wilkinsons submitted a brief in opposition, disputing the Township's alleged immunity.

By order dated October 20, 1995, the trial court, without opinion, granted the Township's Motion for Summary Judgment. After the Wilkinsons filed a timely notice of appeal to this court, however, the trial court issued a memorandum opinion, dated November 17, 1995, affirming its earlier decision.

In its opinion, the trial court held that the Township was immune from suit under both RULWA and the Tort Claims Act. First, the trial court found that the Township was immune under RULWA because "municipalities are entitled to immunity ... from suit for injuries sustained by members of the public during use of municipal parks for recreational purposes." (Trial court op. at 1–2.) Because Mrs. Wilkinson was using Conoy Township Park for recreational purposes on the day she was injured, the trial court concluded that the Township was immune from liability for such injury.[4] Second, the trial court found that the Township was immune under the Tort Claims Act because there was no evidence in any of the depositions or pleadings that the Township acted negligently or that an *artificial* defect or condition of the property caused Mrs. Wilkinson's accident.[5] Consequently, the trial court held that there were no genuine issues of material fact and that summary judgment for the Township, therefore, was proper. It is from this order that the Wilkinsons now appeal.[6]

On appeal, we are again faced with the issue of whether, in light of the immunity granted to governmental entities by RULWA and the Tort Claims Act, a municipality may be held liable for personal injuries occurring on municipally-owned recreational land. Pursuant to the Pennsylvania Supreme

---

1. Mrs. Wilkinson was present in the park on that day to pick up pizzas from a fundraiser and to allow her daughter to participate in softball practice. (Trial court op. at 2.)

2. In fact, the Wilkinsons claimed that the Township "permitted the hole to become obscured by high grass," and otherwise failed to inspect and correct the hazardous condition created by the hole. (Complaint at 5a–6a.)

3. Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477-1—477-8.

4. Although there are two limited exceptions to the general rule of non-liability under RULWA, the trial court found that neither applied here. (*See* trial court op. at 2–4.)

5. The trial court found that a depression in the ground resulting from the rotting roots of a tree is a naturally occurring condition, rather than an artificial condition or defect of the property, as required by the real property exception to governmental immunity, 42 Pa.C.S. § 8542(b). (Trial court op. at 4–5.)

6. When reviewing an order granting summary judgment, our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Mason & Dixon Lines, Inc. v. Mognet*, 166 Pa. Cmwlth. 1, 645 A.2d 1370 (1994).

Court's recent decision in *Lory v. City of Philadelphia*, —— Pa. ——, 674 A.2d 673 (1996), we are constrained to hold that it may not.

In *Lory*, the supreme court read RULWA and the Tort Claims Act in conjunction with one another to essentially insulate governmental units from liability. As here, the issue before the supreme court on appeal in *Lory* was whether the City was immune under RULWA and the Tort Claims Act and was, thus, entitled to judgment as a matter of law.[7] The supreme court began its analysis with an overview of RULWA, noting that the act, which applies to both publicly and privately owned lands, was adopted to encourage owners of land to make land and water areas available to the public for recreational purposes. *See* 68 P.S. § 477–1. To this end, section 3 of RULWA limits landowner liability for injuries sustained by persons entering their land by providing that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."[8] 68 P.S. § 477–3.

Thus, under RULWA, the supreme court recognized that a landowner owes no duty of care to a person whom the landowner invites or permits, without charge, to use his or her property for recreational purposes unless the action of the landowner falls within the exception to RULWA's general rule of immunity contained in section 6 of that act. *Lory*. Section 6 of RULWA provides that a landowner will be liable "[f]or wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." 68 P.S. § 477–6(1). The supreme court noted, therefore, that the City would be deprived of an immunity defense under RULWA if, and only if, the City had, in fact, acted willfully or maliciously in failing to guard or warn against the dangers posed by the pond.

Nevertheless, continuing its analysis, the supreme court held that the Tort Claims Act would immunize the City even from claims based on willful or malicious conduct, finding that section 8542(a) of the Tort Claims Act waives governmental immunity only with respect to "negligent acts" and specifically states that negligent acts do not include willful or malicious conduct.[9] *Lory*. According-

---

7. In *Lory*, a teenage boy drowned when he consumed alcohol and went swimming in Devil's Pool, a natural pond located in a remote and undeveloped portion of a park owned by the City of Philadelphia. *Id*. On numerous occasions, signs had been posted at the pond to prohibit swimming; however, no signs were posted on the day in question, apparently because vandals promptly removed them each time they were hung up. *Id*. Accordingly, the administratrix of the deceased boy's estate filed an action against the City, alleging that the City failed to take adequate measures to warn, or guard, against swimming in the pond. After a jury found the City liable, the City filed a motion for judgment n.o.v., which the trial court denied. Although reversing on other grounds, this court agreed that a judgment n.o.v. for the City based on immunity from liability under RULWA and the Tort Claims Act was inappropriate. *Id*. The supreme court reversed, holding that the City was absolutely immune from liability.

Thus, in *Lory*, the City filed a motion for judgment n.o.v., whereas, here, the Township filed a motion for summary judgment. In either case, however, a municipality would be absolved of legal liability for injuries sustained on municipally-owned recreational land were the court, on appeal, to grant or affirm the motions.

8. Moreover, the supreme court noted that section 4 of RULWA states that an owner of land who

either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.
(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.
(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act or omission of such persons.
68 P.S. § 477–4.

9. Section 8542(a) of the Tort Claims Act provides as follows:

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense [of immunity] ...; and
(2) The injury was caused by the *negligent acts* of the local agency or an employee thereof

ly, the supreme court held in *Lory* that "[a] willful or malicious failure by the city to maintain signs warning of the danger of swimming in the pond cannot ... be deemed a 'negligent act' under the Tort Claims Act." [10] *Id.* 674 A.2d at 675. "To hold otherwise," according to the court, "would be to ignore the plain language of the statute." *Id.*

Thus, *Lory*'s interpretation of RULWA and the Tort Claims Act makes it clear that, whether it acts maliciously or negligently, the municipality or other governmental unit is absolutely immune, without exception, for injuries occurring on municipally-owned recreational land. If the governmental unit acts willfully or maliciously, the governmental unit may be held liable under RULWA, but will be immune under the Tort Claims Act. If, on the other hand, the governmental unit acts negligently, the governmental unit may be held liable under the Tort Claims Act, but will be immune under RULWA.

Applying *Lory* to the present case, we are forced to conclude here that the Township is immune from liability for any injuries Mrs. Wilkinson sustained when she fell in a hole caused by a removed tree stump in Conoy Township Park. As in *Lory*, even if the Township had, in fact, acted willfully or maliciously in failing to guard or warn against dangers posed by the tree stump so as to deprive it of immunity under RULWA, the Township would, nonetheless, be immunized from liability for Mrs. Wilkinson's injuries by the Tort Claims Act.

Accordingly, we affirm the trial court's grant of summary judgment for the Township.

### ORDER

AND NOW, this 6th day of June, 1996, the order of the Lancaster County Court of

acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct. 42 Pa.C.S. § 8542(a) (emphasis added).

**10.** Justice Cappy points out in his concurrence that, by so holding, the supreme court implicitly

Common Pleas, dated November 17, 1995, is affirmed.

rejects the distinction this court drew between a willful failure to guard or warn under RULWA and willful misconduct under the Tort Claims Act; indeed, it appears that the majority in *Lory* implicitly finds that "willful misconduct" under the Tort Claims Act *includes* a willful failure to guard or warn. *See Lory,* 674 A.2d at 676 (Cappy, J., concurring).