**Rightnour v. Borough of Middletown**

C.P. of Dauphin County, no. 4325 S 1996.

*Christopher M. DeMarco,* for plaintiff.
*Michael A. Boomsma,* for defendant Middletown Borough.
*Stephen R. Harris,* for defendants Kollas, Kirchoff and Manley.

BEFORE: KLEINFELTER, *P.J.,* LEWIS AND CHERRY, *JJ.*

KLEINFELTER, *P.J.,* July 31, 2000—Before the court is the motion for summary judgment of defendant Borough of Middletown in this wrongful death and survival action. For the reasons discussed below, we grant Middletown's motion.

The circumstances giving rise to this cause of action began with a tragedy that occurred on August 9, 1995. Two young boys, then age 9, went to play at Hoffer Park, a facility owned and maintained by Middletown, around

8:30 that morning. One of the boys was plaintiff Robert D. Rightnour's son, Andrew D. Rightnour. Sometime after arriving at Hoffer Park, the boys parked their bikes near the end of a fence that separates the park from the bordering Swatara Creek. The boys proceeded along a path that parallels the creek and entered the property of defendants William C. Kollas, William T. Kirchoff, Lee D. Manley and Manley-Regan Chemicals. At some point while on the Manley-Regan property, the boys fell into the creek and drowned.

Rightnour brought this action by complaint on September 10, 1996. Middletown filed preliminary objections on October 3, 1996, which resulted in the issuance of an amended complaint by Rightnour on March 12, 1997. On July 31, 1997, Rightnour filed, with leave of court, his second amended complaint. In it, Rightnour claims that Middletown was negligent in failing to extend its fence in Hoffer Park to completely prevent access to the Swatara Creek. This second amended complaint drew preliminary objections from Middletown, which were later overruled. All defendants eventually filed answers with new matter asserting cross-claims against one another.

Presently for disposition is Middletown's motion for summary judgment, filed April 3, 2000. Specifically, Middletown contends that it is immune from liability pursuant to the Political Subdivision Tort Claims Act and the Recreational Use of Land and Water Act. In addition, Middletown claims that Rightnour may not recover under the Wrongful Death Act since he was not financially dependent on his son, Andrew.

Rightnour filed a responsive pleading on April 24, 2000, and both parties have submitted supporting memo-

randa. A three-judge panel of this court heard oral argument on June 15, 2000, and the matter is now ready to be decided.

The standard of review for a motion for summary judgment is well established:

"[S]ummary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . . Summary judgment may be granted only in those cases where the right is clear and free from doubt. . . . The moving party has the burden of proving that there is no genuine issue of material fact. . . . Moreover, the record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. . . ." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 73-74, 658 A.2d 423, 425 (1995) (citations omitted), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995); see also, *Robinson v. Lower Paxton Township,* 119 Dauph. 259 (2000).

In the matter before us, we are initially compelled to note that Rightnour has admitted in his second amended complaint that the drowning took place upstream, alongside the Manley-Regan property and not in Hoffer Park:

"(20) At the aforementioned time and place, upon information and belief, decedent and friend were able to continue walking along the creek, passing from the park-owned property onto the property owned by the defendants, William C. Kollas, William T. Kirchoff and Lee

D. Manley, as tenants in common, and leased by Manley-Regan Chemicals, division of E + E (US) Inc., and/or Anthony Barber and Lee D. Manley, individually and/or d/b/a Manley-Regan Chemicals, a division of E + E (US) Inc., because the fence dividing the two properties did not block access from the park to the adjoining property.

"(21) At the aforementioned time and place, decedent was fatally injured when he fell into the creek, resulting in drowning and death." (Second amended complaint at 5.)

In light of this admission, we begin by examining Middletown's claim that it is immune from liability under the Political Subdivision Tort Claims Act. The Act consists of the following:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

The indicated exceptions are found in 42 Pa.C.S. §8542, which sets forth in pertinent part:

"(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). . . .

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . ."

In other words, for Rightnour to go forward, he must preliminarily establish a common-law or statutory cause of action against Middletown and prove that his son's injuries were caused by Middletown's negligent acts pertaining to its care and custody of Hoffer Park.

Similarities may be found in the litany of cases involving municipal properties bordering railroad tracks. We agree with Middletown that *Scarborough by Scarborough v. Lewis,* 523 Pa. 30, 565 A.2d 122 (1989) and its progeny, *Gardner v. Consolidated Rail Corp.,* 524 Pa. 445, 573 A.2d 1016 (1990), control. Both of these cases involved children playing on municipal playgrounds. In each case, young boys crawled through gaps in fencing, which allowed access to abutting railroad property where the boys were injured by passing trains. The *Gardner* court followed *Scarborough* in holding that a "city has no common-law duty to erect or repair its fences, at least as to plaintiffs who are injured on neighboring land, not on or by city property." *Gardner,* 524

Pa. at 450, 573 A.2d at 1018. There, as here, the defendants had no common-law duty to the plaintiff for injuries sustained while on neighboring land. *Lynch v. National Railroad Passenger Corp.,* 115 Pa. Commw. 474, 540 A.2d 635 (1988). Without a cause of action at common law,[1] we may grant judgment in favor of Middletown on this basis alone, since Rightnour admits that the accident occurred on the Manley-Regan property and has not met the threshold requirements of 42 Pa.C.S. §8542.

Middletown, in addition, contends that it is exempt from liability under the Recreational Use of Land and Water Act, 68 P.S. §477 et seq. The sections of RULWA that are pertinent to this action are:

"Section 477-4. Assurance of safe premises; duty of care; responsibility, liability

"Except as specifically recognized by or provided in section 6 of this Act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

"(1) Extend any assurance that the premises are safe for any purpose.

"(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

"(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act or omission of such persons. (footnote omitted)

"Section 477-6. Liability not limited.

"Nothing in this act limits in any way any liability which otherwise exists:

"(1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

---

1. Rightnour offers no statutory cause of action in his complaint.

"(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section."

RULWA was created in an effort to encourage landowners to allow public access to their properties for recreational use by limiting potential liability. *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo Inc.,* 326 Pa. Super. 509, 474 A.2d 605 (1984). Municipal property as well as private land enjoys protection from RULWA. *Lory v. City of Philadelphia,* 554 Pa. 38, 674 A.2d 673 (1996).

We find RULWA's applicability to the case at bar to be clear and free from doubt. Even assuming, arguendo, that Middletown owed some duty of care to Andrew, there is no evidence of record which would elevate any breach of such duty to "wilful or malicious" misconduct. "Wilful" in this context means "an act done voluntarily or intentionally or knowingly." *Jones v. Cheltenham Township,* 117 Pa. Commw. 440, 444, 543 A.2d 1258, 1260 (1988). Plaintiff's only evidence in support of this allegation is a statement of concern by a borough councilman made at a council meeting some 20 years earlier on October 15, 1975. Such evidence falls woefully short of intentional or knowing conduct. Thus, Middletown is able to avail itself of two layers of insulation[2] in this case and summary judgment in their favor must be granted.

---

2. Interestingly, our Commonwealth Court, reiterating the Supreme Court holding in *Lory, supra,* illustrated the complete immunity from

Finally, we agree with Middletown that the wrongful death action should be dismissed. Damages recoverable under the Wrongful Death Act include funeral expenses as well as the present value of the services the deceased would have provided had he lived. *Kiser v. Schulte,* 538 Pa. 219, 226, 648 A.2d 1, 4 (1994). Here, Rightnour provides no proof of payment of funeral expenses, nor does he present evidence of support, financial or otherwise, that Andrew would have provided had he survived.

"In order to withstand a motion for summary judgment, a non-moving party 'must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' " *Washington v. Baxter,* 553 Pa. 434, 441, 719

---

liability confirmed upon municipalities through the interaction of the provisions in RULWA and the Political Subdivision Tort Claims Act:

"[T]he Supreme Court held that the Tort Claims Act would immunize the city even from claims based on wilful or malicious conduct, finding that section 8542(a) of the Tort Claims Act waives governmental immunity only with respect to "negligent acts" and specifically states that negligent acts do not include wilful or malicious conduct. . . .

"Thus, *Lory's* interpretation of RULWA and the Tort Claims Act makes it clear that, whether it acts maliciously or negligently, the municipality or other governmental unit is absolutely immune, without exception, for injuries occurring on municipally-owned recreational land. If the governmental unit acts willfully or maliciously, the governmental unit may be held liable under RULWA, but will be immune under the Tort Claims Act. If, on the other hand, the governmental unit acts negligently, the governmental unit may be held liable under the Tort Claims Act, but will be immune under RULWA." *Wilkinson v. Conoy Township,* 677 A.2d 876, 878-79 (Pa. Commw. 1996). (footnote and citation omitted)

A.2d 733, 737 (1999); Pa.R.C.P. 1035.2(a)(2). As such, Rightnour's wrongful death action must be dismissed.

We enter the following:

ORDER

And now, July 31, 2000, upon consideration of the motion for summary judgment of defendant Borough of Middletown, it is hereby ordered that defendant's motion is granted.