**CLD-237**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3818
_____

DOROTHY HARTMAN, a/k/a Dorothy M. Hartman,
Appellant

v.

BANK OF NEW YORK MELLON, f/k/a the Bank of New York, Trustee for the
Certificate Holder of CWALT, Inc., Alternative Loan Trust 2005-86CB, Mortgage Pass-
Through Certificates Series 2005-86-CB, c/o Bank of America, N.A.; CITY OF
PHILADELPHIA; PRUDENTIAL FOX & ROACH REALTORS, known as Prudential
Real Estate and MIKE MCCANN, as agent; BAY VIEW LOAN SERVICES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-01909)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed May 5, 2016)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Dorothy Hartman appeals the District Court's order dismissing her fourth amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Hartman filed her original complaint in 2013. She amended the complaint multiple times, including twice in response to orders from the District Court dismissing the complaint without prejudice to Hartman's refiling. At issue in this appeal is her fourth amended complaint. In this complaint, she named as defendants the Bank of New York Melon ("BNY Mellon"), Bay View Loan Services, the City of Philadelphia, Prudential Fox & Roach Realtors, and Prudential's employee Michael McCann. Hartman presented roughly 38 claims that, while loosely connected to her purchase of her home in 2003, catalog grievances spanning over 20 years. See Fourth Am. Compl. at pgs. 16, 18, 21 (listing claims). She alleges, among many other things, that the defendants failed to disclose certain defects in her property, subjected her to excessive utility charges, directed sewage water into her basement, placed for-sale signs on properties around her home to reduce her home's value, vandalized her car, refused to allow her to refinance her mortgage, ruined her credit, picked up her trash separately from her neighbors', and committed unidentified hate crimes against her.

The defendants filed Rule 12(b)(6) motions to dismiss, and the District Court granted the motions and dismissed Hartman's fourth amended complaint. Hartman filed a timely notice of appeal. In this Court, she has filed a motion to expedite, as well as a motion requesting a default judgment, to summarily vacate the District Court's judgment, and to bar an attorney from BNY Mellon from participating in the appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; neither does "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (recognizing that a pro se complaint must satisfy Twombly and Iqbal's pleading standard).

We agree entirely with the District Court's well-reasoned analysis.[1] Turning first to Hartman's claims against BNY Mellon and Bay View Loan Services,[2] while

---

[1] We note that in the documents Hartman has filed in this Court, she primarily complains about a remand order issued by the District Court. Before Hartman filed her first complaint in this action, BNY Mellon had filed a foreclosure action against her in state court. Hartman subsequently removed that action to the District Court. The District Court granted BNY Mellon's motion to remand, and we summarily affirmed that order. See C.A. No. 13-4622. Hartman has provided no basis for us to reconsider that ruling. See generally In re City of Phila. Litig., 158 F.3d 711, 717-18 (3d Cir. 1998) (discussing

3

Hartman's complaint asserts claims of "wrongful lawsuit," libel, defamation, slander, inflicting emotional distress, and conspiracy to defame, she has presented no factual allegations to support those claims. Similarly, she has alleged retaliation in only the most conclusory fashion, without making any showing of "a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). The District Court therefore did not err in dismissing those claims.

Further, while Hartman contends that these defendants violated the Fair Housing Act and the Equal Credit Opportunity Act by refusing to allow her to refinance due to her race or disability, which resulted in her credit being ruined and her being forced into bankruptcy, her complaint does not plausibly allege that the defendants acted with a discriminatory purpose. See 15 U.S.C. § 1691(a)(1) (prohibiting discrimination by creditors "on the basis of race"); 42 U.S.C. § 3604 (prohibiting discrimination in the sale of housing "because of race" or "because of a handicap"). Rather, the complaint specifically states that BNY Mellon and Bay View Loan Services denied refinancing

law-of-the-case principles). Moreover, Hartman's allegations in support of her contention that the District Judge should have recused himself are utterly groundless. See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

[2] The District Court sua sponte dismissed the complaint as to Bay View Loan Services. Given the numerous opportunities the Court gave Hartman to amend to address the complaint's shortcomings and the fact that the claims concerning Bay View are coterminous with the claims against BNY Mellon, we conclude that the District Court did

based on information provided by the City about Hartman's nonpayment of utility charges and the value of her home based on its zoning and classification. In these circumstances, she has failed adequately to plead a violation of the Fair Housing Act or the Equal Credit Opportunity Act. See generally Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 176 (3d Cir. 2005); 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 504-05 (6th Cir. 2013). Likewise, while she cites 42 U.S.C. § 2000a, she has not meaningfully alleged that the defendants treated individuals outside her protected class differently or otherwise displayed discriminatory animus. See Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 350 & n.2 (5th Cir. 2008). Moreover, § 2000a does not authorize money damages, which is all that Hartman has sought. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968).

Hartman has also failed adequately to plead any claim against the City. The vast majority of her claims sound in state law, but, with exceptions that are not pertinent here, the Pennsylvania Tort Claims Act grants the City immunity for all state torts. See 42 Pa. Cons. Stat. §§ 8541–42; see also Lory v. City of Phila., 674 A.2d 673, 675 (Pa. 1996). Hartman's federal claims fare no better. She asserted that the City retaliated against her for her previous complaints about the City's behavior, but has again failed to allege any facts tending to show the requisite causal connection. See Lauren W., 480 F.3d at 267.

---

not err in this respect. See Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980).

Moreover, the District Court properly dismissed Hartman's claim that the City committed race discrimination in violation of the 14th Amendment because she failed altogether to allege that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007) (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Finally, Hartman's claims of disability discrimination are entirely conclusory and fail to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Nor did the District Court err in dismissing Hartman's claims against Prudential and McCann. Hartman has failed to allege any facts that would support her claims of deceptive advertising, race discrimination, or disability discrimination. She does allege somewhat more clearly that these defendants improperly failed to disclose certain defects in the property to her. However, under Pennsylvania law, an agent can be liable only if he or she has "actual knowledge of a material defect that was not disclosed to the buyer or of a misrepresentation relating to a material defect." 68 Pa. Cons. Stat. § 7310. Hartman does not allege that Prudential or McCann had knowledge of the alleged defects, which she describes as "latent and not readily identified," or of a misrepresentation concerning such a defect. See Bortz v. Noon, 729 A.2d 555, 560–65 (Pa. 1999) (refusing

6

to require a real estate agent, who had relayed the results of a home inspection, to investigate the reliability of the inspection); 63 Pa. Stat. and Cons. Stat. § 455.606a(i).[3]

Accordingly, we will summarily affirm the District Court's judgment. We deny Hartman's pending motions.

---

[3] Because the District Court permitted Hartman to amend her complaint on multiple occasions and provided her with clear guidance as to the information that an amended complaint should contain, the Court did not abuse its discretion in declining to provide Hartman leave to amend her complaint yet again. See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666-67 (7th Cir. 2007).