MICHAEL ROBINSON, as Special Adm'r of the Estate of Jennifer Robinson, Deceased, *et al.*, Plaintiffs-Appellees, v. ILLINOIS POWER COMPANY, Defendant-Appellant.

Third District No. 3—02—0679

Opinion filed April 25, 2003.

T. Donald Henson and Jill W. Klein (argued), both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellant.

Anthony C. Raccuglia (argued), of Anthony C. Raccuglia & Associates, of Peru, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs sued defendant, Illinois Power Company (Illinois Power), alleging that its negligent conduct caused them injury when their snowmobiles collided with support wires owned by Illinois Power. Illinois Power filed a motion to dismiss based on language in the Snowmobile Registration and Safety Act (Act) (625 ILCS 40/1 (West 2000)), which provides that a landowner, lessee, or occupant is liable

only for willful or malicious conduct. The trial court determined that Illinois Power was not an owner, lessee or occupant and denied the motion. Illinois Power sought leave to appeal under Rule 308 (155 Ill. 2d R. 308), which the trial court granted. We reverse and remand.

## FACTS

Plaintiffs were snowmobiling through a field and struck a support wire, which anchored the top of a tall, wooden pole to the ground. The pole is one among a system of poles that carry electrical transmission lines across the countryside. Illinois Power owned the pole, the support wires and the electrical lines. The plaintiffs suffered injuries, and one of them subsequently died. The pole and lines were erected in 1948, and Illinois Power has maintained them ever since. Illinois Power is not an owner or lessee of the property on which the pole and lines existed.

The plaintiffs sued Illinois Power alleging negligence.[1] Illinois Power filed a motion to dismiss arguing that it owed no duty to plaintiffs under the Act. The court denied the motion and granted leave to file this interlocutory appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308).

## ANALYSIS

Since this case involves the construction of a statute, our review is *de novo. People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 46 (2002).

■ The Act provides that snowmobilers have no action in negligence against owners, lessees, or occupants of property:

> "Notwithstanding any other law to the contrary, an owner, lessee, or occupant of premises owes no duty of care to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any condition, use, structure or activity on such premises. *** Nothing in this section limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity."
> 625 ILCS 40/5—1(I) (West 2002).

Since both parties in this case agree that Illinois Power is neither an owner nor a lessee, the issue is whether it is an "occupant."

■ Since the Act does not define "occupant," we look to the statute to derive the best indication of the legislature's intent, and we must ascribe ordinary meaning to the Act's terms. *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167

---

[1]Plaintiffs subsequently amended their complaint to add counts alleging willful or malicious conduct.

Ill. 2d 161, 168 (1995). Where a statute's language is clear and unambiguous, we apply the plain and ordinary meaning of the terms. *Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board*, 165 Ill. 2d 80, 87 (1995).

An occupant need not have ownership rights in the property. See *In re Application for Tax Deed*, 285 Ill. App. 3d 930 (1997) (analyzing the term "occupant" under the Property Tax Code (35 ILCS 200/22—10 (West 1994)) and finding that it does not require any ownership interest in the property). Black's Law Dictionary defines occupant as "[o]ne who has possessory rights in, or control over, certain property or premises." Black's Law Dictionary 1106 (7th ed. 1999). We think this is a reasonable definition of an occupant under the statute. One who exercises control over property can be said to occupy it. Here, Illinois Power installed and owned the pole and wires and maintained them for 55 years. We believe these facts indicate a sufficient amount of control over the property to consider Illinois Power an occupant under the Act.

Moreover, the Act illustrates our state's policy to place the burden to protect snowmobilers on the snowmobilers themselves. Our supreme court has held that snowmobiles are inherently dangerous instrumentalities and that the legislature acted properly when it determined that no duty exists to keep premises safe for snowmobiling. *Ostergren v. Forest Preserve District*, 104 Ill. 2d 128 (1984).

Illinois Power owed no duty to keep the premises safe for plaintiffs, absent willful or malicious conduct. The trial court erred by denying Illinois Power's motion to dismiss.

## CONCLUSION

The order of the circuit court of La Salle County is reversed and the cause remanded for further proceedings under the willful and malicious counts of the complaint.

Reversed and remanded.

SCHMIDT and SLATER, JJ., concur.