J-S18033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARY TOSTO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GIANT FOOD STORES, LLC AND SHOOSTER PROPERTIES | |
| Appellee | No. 2049 EDA 2014 |

Appeal from the Order Entered June 17, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2010-11043

BEFORE: BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED APRIL 02, 2015**

Appellant, Mary Tosto, appeals from the June 17, 2014 order, granting the motion for summary judgment filed by Appellees, Giant Food Stores, LLC and Shooster Properties[1] (collectively, Giant). After careful review, we affirm.

We summarize the relevant factual and procedural background of this case as follows. On February 8, 2009, Tosto alleges that she slipped and fell on ice that had formed in the parking lot of one of Giant's stores in Bensalem, Pennsylvania. Trial Court Opinion, 9/24/14, at 1. Tosto alleges that she sustained serious injuries including a "left knee contusion, neck injury with radiculopathy, [] back injury with radiculopathy and a left

---

[1] Shooster Properties has not filed an appellee brief in this matter.

shoulder injury."[2]  Tosto's Complaint, 7/29/10, at ¶ 8.  Tosto filed her complaint on July 29, 2010, alleging various grounds of negligence against Giant.  *Id.* at ¶ 7.  Giant filed its answer and new matter on May 25, 2011.  On September 5, 2013, Giant filed a motion for summary judgment.  Tosto filed her answer on October 7, 2013.  On June 17, 2014, the trial court entered an order granting Giant's motion for summary judgment.  On July 3, 2014, Tosto filed a timely notice of appeal.[3]

On appeal, Tosto raises the following issue for our review.

> A lease agreement gave [Giant] an easement over the parking lot where [Tosto] fell on ice.  In granting summary judgment to Giant, did the [trial] court commit an error of law or abuse its discretion by failing to allow the jury to decide whether Giant was a "possessor" of the area sufficient to subject Giant to liability, as required by **Leichter v. E. Realty Co.**, 516 A.2d 1247, 1249[,] 1250 ([Pa. Super.] 1986)[, *appeal denied*, **Leichter v. Acme Mkts., Inc.**, 527 A.2d 542 (Pa. 1987)]?

Tosto's Brief at 3 (parallel citation omitted).

We begin by noting our well-settled standard of review.

> "[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review

---

[2] Tosto originally filed this action in Philadelphia County.  However, the parties stipulated to transfer venue in this case to Bucks County. Stipulation, 9/21/10, at 1.

[3] Tosto and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

is plenary." ***Petrina v. Allied Glove Corp.****,* 46 A.3d 795, 797–798 (Pa. Super. 2012) (citations omitted). "We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Barnes v. Keller****,* 62 A.3d 382, 385 (Pa. Super. 2012), *citing* ***Erie Ins. Exch. v. Larrimore****,* 987 A.2d 732, 736 (Pa. Super. 2009) (citation omitted). "Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Id.*** The rule governing summary judgment has been codified at Pennsylvania Rule of Civil Procedure 1035.2, which states as follows.

### Rule 1035.2. Motion

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive

summary judgment." ***Babb v. Ctr. Cmty. Hosp.****,* 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted), *appeal denied,* 65 A.3d 412 (Pa. 2013). Further, "failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id.***

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Id.,*** *citing* ***Reeser v. NGK N. Am., Inc.****,* 14 A.3d 896, 898 (Pa. Super. 2011), *quoting* ***Jones v. Levin****,* 940 A.2d 451, 452–454 (Pa. Super. 2007) (internal citations omitted).

***Cadena v. Latch***, 78 A.3d 636, 638-639 (Pa. Super. 2013).

Tosto's argument on appeal is that Giant was a possessor of an easement in the parking lot where she slipped and fell. Tosto's Brief at 9. Therefore, in her view, this shifted the duty of maintenance from the landlord to Giant as the tenant. ***Id.*** at 10. Giant counters that no such easement exists, and the trial court's grant of summary judgment was proper. Giant's Brief at 26.

Generally, the Restatement (Second) of Torts imposes a duty upon businesses that are open to the public to protect the public from harm while on their premises.

**§ 344 Business Premises Open to Public: Acts of Third Persons or Animals**

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

RESTATEMENT (SECOND) OF TORTS § 344 (1965); *see also Stanton v. Lackawanna Energy, Ltd.*, 886 A.2d 667, 677 (Pa. 2005) (citing to and applying Section 344).   Likewise, the Restatement defines a possessor of land as follows.

**§ 328E Possessor of Land Defined**

A possessor of land is

(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

RESTATEMENT (SECOND) OF TORTS § 328E (1965); *see also Stanton*, *supra* (citing to and applying Section 328E).

Our Supreme Court has stated that when there is an area of land with multiple tenants, the duty of care to maintain the common areas of the land remains with the landlord.

> In Pennsylvania, it has long been established as a principle of landlord-tenant law that where the owner of real estate leases various parts thereof to several tenants, but retains possession and control of the common passage-ways and aisles which are to be used by business invitees of the various tenants, the obligation of keeping the common aisles safe for the business invitees is imposed upon the landlord and not upon the tenants, in the absence of a contrary provision in the lease or leases[.]

*Leary v. Lawrence Sales Corp.*, 275 A.2d 32, 34 (Pa. 1971) (citations omitted). Tosto correctly notes that in *Stanton*, our Supreme Court noted that when an easement is involved, "an owner of an easement is generally considered a possessor of property and is required to maintain its easement." *Stanton*, *supra* at 677. "Accordingly, [our Supreme] Court has held that an easement holder is subject to the same liability as any other possessor of the premises." *Id.*

The crux of Tosto's argument is that our opinion in *Leichter*, which our Supreme Court cited to with approval in *Stanton*, requires that a jury decide the question as to whether Giant was a possessor of land within the meaning of Sections 328E and 344 of the Restatement. This Court summarized the facts of *Leichter* as follows.

Plaintiff brought suit in a representative capacity as executrix of the estate of her deceased husband, who suffered a myocardial infarction as the result of being abducted from a parking lot owned by Eastern Realty Company. There is substantial agreement that on or about 8:00 p.m. on September 10, 1980, the Leichters drove to the Bala Cynwyd Shopping Center to shop at defendant Acme Supermarket. The shopping center consisted of fourteen stores, all tenants of Eastern Realty Company, Acme Markets, Inc. and the Lord & Taylor store. By agreement dated April [3, 1956], the predecessor in title to Eastern Realty Incorporated had granted to the predecessor of Acme Markets, Incorporated an easement for ingress and egress over a portion of the land and the privilege for its business invitees to park in its parking lot. These same rights were provided for Eastern's tenants in their leasing agreements.

…

After completion of the presentation of the evidence, the trial judge (1) ruled that the principal issue in the case-whether appellee Acme Markets, as the holder of an easement for ingress and egress with a privilege to park on the land, was a "possessor" of the land-was a matter of law to be determined by the judge, and then (2) concluded that Acme was a possessor of the land. The trial judge then submitted to the jury the issues of (1) whether there was a breach of the duty which a possessor owes to a business invitee, and if so, (2) whether the breach of that duty was the proximate cause of the appellant's injuries. The jury returned with a verdict in favor of appellant and against appellees. The court en banc, however, ruled that the trial court had erred in treating the issue as a matter of law and concluded that **the jury should determine whether appellee Acme Markets was a possessor of the pertinent land**. As a result,

the court en banc granted the motion for a new trial that had been presented by Acme Markets.

*Leichter*, *supra* at 1249-1250 (emphasis added). This Court held that the issue of whether an easement holder is a possessor was a question for the jury to decide. This is because we recognized that not every easement holder will be found to be a possessor of land.

> We hold that the question of whether the holder of an easement is a "possessor" is a question for the fact-finder. The expectation that this rather fundamental question would be quickly addressed and even resolved by abundant appellate authority has proven false. Whether a particular issue is to be confronted as a question of law and, therefore, is one to be decided by the court, or whether it is a question of fact to be resolved by a jury, is, once the study moves beyond the routine and obvious, a most troublesome inquiry upon which there has been a dearth of decision.
>
> …
>
> Surely, the device of special interrogatories can be every bit as helpful to a jury in resolving issues of a more traditional nature, such as whether or not an easement holder is a "possessor" of land. The determination of "possession" and the conclusion of "control" may only result from the presentation of facts and factors that reflect (1) that the party holds an easement, and (2) the manner in which the party exercises the prerogatives of that easement. The trial court will, of course, determine whether there has been such evidence presented as is sufficient to deny an application for a non-suit. If that application is refused, it remains for the jury to determine liability, but the jury must first decide whether the easement holder was in "possession". Only then, if the easement holder is determined to have been in possession, will the jury proceed to consider, in order, the issues of whether the easement holder

> breached the duties of an easement holder in possession, and, if so, whether that breach was the proximate cause of the injury sustained.

*Id.* at 1249-1250.

Tosto is correct that **Leichter** states that the question of whether an easement holder is a possessor of land is a jury question. However, the burden is on Tosto to establish as a first-order matter, that an easement existed. As noted above, it is presumed that the landlord of a shopping center has a duty to maintain the common use areas of the center unless there is a "contrary provision in the lease[.]" **Leary**, **supra**. Tosto argues that Section 202 of the lease is such a contrary provision. Tosto's Brief at 9. It provides as follows.

> Section 202 <u>Common Areas</u>. Together with the right to the nonexclusive use, in common with others, of all automobile parking areas, driveways, footways and other facilities at or upon the Shopping Center designed for common use, as shall be installed by Landlord as hereinafter provided, together with all the appurtenances, if any, now of hereafter belonging thereto.

Giant's Answer and New Matter, 5/25/11, at Exhibit 4, at 1.

After careful review of the certified record, we conclude Tosto is not entitled to relief. The above-mentioned section of the lease between Giant and the landlord does not mention an easement being created, either explicitly or by implication. Tosto's brief states in a conclusory fashion that "[s]ection 202 of the [l]ease gave Giant an easement over the parking areas of the shopping center, including the area where Ms. Tosto fell." Tosto's

Brief at 9. However, Tosto's brief does not explain how Section 202 of the lease gives rise to even a legal question as to whether an easement existed in the first instance. Further, upon review of the lease in its entirety, we note that Section 1201 explicitly states that the landlord "shall keep and maintain [the common areas] in good repair and condition and reasonably free of snow, ice, refuse and other obstructions[.]" Giant's Answer and New Matter, 5/25/11, at Exhibit 4, at 21. As Tosto cannot show that Giant was an easement holder, she is not entitled to **Leichter**'s benefit. Therefore, there was no issue of material fact for the jury to decide.

Based on the foregoing, we conclude the trial court did not abuse its discretion when it granted Giant's motion for summary judgment. **See Cadena**, **supra**. Accordingly, the trial court's June 17, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2015