J-A30045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SAMUEL DESIMONE AND MERRILEE ANN DESIMONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| GEORGE H. KESSLER AND ANNE M. KESSLER, HIS WIFE | |
| Appellants | No. 491 MDA 2016 |

Appeal from the Order Entered February 29, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No: 2012-02113

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 21, 2017**

Appellants, George H. Kessler and Anne M. Kessler ("Kesslers"), appeal from the February 29, 2016 order entered in the Court of Common Pleas of Lackawanna County ("trial court") granting a non-jury verdict in favor of Samuel DeSimone and Merrilee Ann DeSimone ("DeSimones"), regarding their action to quiet title, the Kessler's ejectment claim, trespass claim, and finding that the DeSimones have acquired an easement to use the right of way on the Kesslers' property.  Upon review, we affirm.

The trial court summarized the history of the matter as follows.

> This case stems from a property dispute amongst neighbors.  [The DeSimones] and [the Kesslers] executed a Right of Way Agreement (hereinafter "the Agreement") to which [the Kesslers] granted to the [DeSimones], their heirs, successors and assigns the right and privilege to utilize the right

of way up to [the DeSimones] current gravel driveway for access to [the DeSimones'] home located on their property.

In their Complaint filed April 5, 2012, [the DeSimones] allege that they acquired an easement to and from the Right of Way described in the Agreement. [The DeSimones] argue that the [Kessler's] limitation of [the DeSimones'] access to the Right of Way prevents [the DeSimones] from receiving fuel delivery and easy access to their property over the gravel driveway, which has been the common practice since 2001.

[The DeSimones'] [c]omplaint makes two (2) claims against the [Kesslers] one for an action to quiet title, and the other for trespass. According to the [DeSimones], [the Kesslers] are now attempting to impose a further limitation for the use of the Right of Way. [The DeSimones] argue that the Agreement should be given the full force and effect of the law and the [DeSimones] should be allowed to exercise all rights to utilize the Right of Way to obtain access to and from their gravel driveway. Lastly, [the DeSimones] argue that as a result of the activities by [the Kesslers], a portion of [the DeSimones'] land has been damaged and they have been deprived of the use and enjoyment of their land.

[The Kesslers] filed their Answer to Plaintiff's' Complaint on June 19, 2012 and asserted two (2) Counterclaims for ejectment and trespass. In their Counterclaims, [the Kesslers] allege that [the DeSimones'] construction of a sand mound for sewage treatment encroached upon the [Kesslers'] land and deprived the [Kesslers] of use and enjoyment of their land. [The Kesslers] further allege that the [DeSimones'] sand mound is "constructed in a [manner] which causes an unnatural drainage of water from the [DeSimones'] land and onto the [Kesslers'] land resulting in the accumulation of water . . . and additional loss of use of the [Kesslers'] land preventing them from mowing and maintaining the land."

On December 5, 2013, the Honorable Judge Thomas Munley entered an order appointing Thomas Helbig, Esquire as Special Trial Master to conduct a mediation conference on the matter. Following an unsuccessful mediation, the case proceeded to trial *de novo*.

The [trial court] presided over a two-day *de novo* non-jury trial that commenced on January 27, 2015. The record was left

open to allow the parties to submit proposed findings of fact and conclusions of law. All parties submitted a Joint Statement of Undisputed Facts on March 10, 2015. [The DeSimones] submitted their Requested Findings of Fact and Conclusions of Law on March 13, 2015. [The Kesslers] submitted their version of the same on the same day.

Trial Court Opinion, 6/11/2015, at 1-3 (sic).

The trial court issued an opinion on June 11, 2015, making findings of fact, and entering a non-jury verdict for the DeSimones on all counts. On June 19, 2015, the Kesslers filed a motion for post trial relief. On February 29, 2016, the trial court denied the Kesslers' motion. The Kesslers filed a timely notice of appeal on March 21, 2016. The trial court did not direct compliance with Pa.R.A.P. 1925(b); therefore the Kesslers did not file, nor were they required to file a concise statement.

On appeal, the Kesslers raise three issues which we quote verbatim.

I.    Whether or not the trial court erred as a matter of law or by abuse of its discretion in its determination of the ownership of interests of [the DeSimones] and [the Kesslers.]

II.   Whether or not the trial court erred as a matter of law or by abuse of its discretion in its determination that the right-of-way was ambiguous contrary to the clear evidence presented at trial.

III.  Whether or not the trial court erred as a matter of law or by abuse of its discretion as to the clear meaning of the language of the right-of-way which states … "no additional rights for use of the Right of Way will be given by DeSimone to any third party without the prior written consent and approval of Kessler."

Appellants' Brief at 4.

- 3 -

The Kessler's first challenge is to the interpretation of the Agreement by the trial court and finding that it created an express easement. The Agreement between the parties contains the following language.

BACKGROUND

A. DeMario is the fee simple owner of all that certain piece or parcel located at 107 Hidden Valley Drive, Clarks Summit, Pennsylvania 18411. Consisting of 3.595 acres, and depicted as Lot #1 and depicted on the Tax Assessors' Map ("hereafter Lot 1"), all as more fully appears in Exhibit "A" attached hereto and incorporated by reference herein;

B. Contemporaneously herewith, DeMario has executed a Deed thereby conveying all his right, title and interest in and to Lot #1 to Kessler[s];

C. DeSimone[s] [are] the owner[s] of all that certain piece or parcel located at 102, Hidden Valley Drive, Clarks Summit, Pennsylvania 18411 and referenced as Lot #5 on Exhibit "A" (hereafter "Lot #5");

D. A 50 foot by 70 foot driveway is depicted on Exhibit "A" and owned by DeMario and ultimately Kessler[s] hereafter for access to Lot #1 and a portion is also used for access to Lot #5 ("Right of Way")

E. Thus far, DeMario has permitted DeSimone[s] and their invitees to utilize the Right of Way without any obligation or responsibility but all parties hereto, want to fully set forth their respective rights regarding said driveway as more particularly set forth herein.

AND NOW, therefore in consideration of ONE ($1.00) DOLLAR and other good and valuable consideration, the sufficiency of which is hereby agreed to and for other good and valuable consideration, the parties hereto agree as follows.

1. Kessler[s] as owner of Lot #1, their heirs, successors and assigns, hereby grants to DeSimone[s], their heirs, successors and assigns as owners of Lot #5 the right and privilege to utilize the Right of Way up to their current gravel driveway for access to Lot #5 and the width of this Right of

> Way shall be no greater than the current width of their driveway serving Lot #5.
>
> 2. The driveway has been constructed at the expense of DeMario and all maintenance/upkeep will be at the discretion of Kessler[s].
>
> 3. The Right of Way shall, at all times, be owned by Kessler[s], their heirs, successors and assigns and shall be used by DeSimone[s], their heirs, successors and assigns only for access to Lot #5 as depicted on Exhibit "A" and as set forth above and no additional rights for use of the Right of Way will be given to DeSimone[s] to any third party without the prior written consent and approval of Kessler[s].
>
> 4. Should the Right of Way ever cease to be used as a driveway for access to Lot #5, all rights shall revert to Kessler[s], their respective heirs, successors and assigns as owners of the property as if no access for Lot #5 was needed.

Joint Exhibit 5. The Kesslers' argument is neither supported by the record nor developed with case law.[1] "An easement is defined as: '[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.'" **Stanton v. Lackawanna Energy, Ltd.**, 886 A.2d 667, 676 (Pa. 2005) (citing *Black's Law Dictionary*, 8th ed. (2004), at 1108). "A right of way is an easement, which may be created by an express, grant." **Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.**, 860 A.2d 547, 550 (Pa. Super. 2004) (citation omitted). It is abundantly clear that the parties' December 7, 2004

---

[1] To the extent that the Kesslers' claim is a challenge to the factual findings made by the trial court, it is waived as it was not raised in the questions presented. **See** Pa.R.A.P. 2116(a); **see also Krebs v. United Refining Co. of Pennsylvania**, 893 A.2d 776, 797 (Pa. Super. 2006).

agreement is a written instrument conveying a right of way; therefore, it is an express easement. The trial court did not abuse its discretion when it found the agreement was an easement. The Kesslers' first argument fails.

The Kesslers' next two arguments are intertwined as the Kesslers argue that the trial court erred when it determined that the right of way was ambiguous and how it applied to third parties.

> To ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made.

**Amerikohl Mining Co., Inc.**, 860 A.2d at 550 (quoting **Merrill v. Mfgrs. Light and Heat Co.**, 185 A.2d 573 (Pa. 1962)). Moreover, "[i]t is well-established that the same rules of construction that apply to contracts are applicable in the construction of easements." **McNaughton Properties, LP v. Barr**, 981 A.2d 222, 227 (Pa. Super. 2009).

> When the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, the express easement is to be construed in favor of the grantee, and the easement may be used in any manner that is reasonable.

**Lease v. Doll**, 403 A.2d 558, 562 (Pa. 1979) (citations omitted).

In the matter *sub judice* the trial court found that the background section of the Agreement is unambiguous and clearly states the intent of the parties. We agree. **See Amerikohl Mining Co., Inc.**, 860 A.2d at 550

(citation omitted). Moreover, the trial court found that the grant section of the Agreement was ambiguous and stated in general terms. We agree. **See Lease**, 403 A.2d at 562 (citations omitted). The grant uses general terms and describes the width of the Right of Way as "no greater than the current width of their driveway serving Lot #5."

The Kesslers' are attempting to challenge the weight of the evidence regarding the width of the Right of Way.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Haan v. Wells**, 103 A.3d 60, 70 (Pa. Super. 2014) (quoting **In re Estate of Smaling**, 80 A.3d 485, 490 (Pa. Super. 2013)). Furthermore, "a fact-finder is permitted to accept all, part, or none of the testimony, and it is within the fact-finder's exclusive province to resolve conflicts in that testimony." **Id.** (citing **Samuel-Bassett v. Kia Motors America., Inc.**, 34 A.3d 1, 39 (Pa. 2011)).

In the matter *sub judice*, the trial court denied the Kessler's weight of the evidence claim. The trial court made the finding that

Surveyor John M. Hennemuth, PLS determined that at the time the parties entered into the Agreement, the entrance to the Right of Way was 21' feet wide. N.T., 1/27/15, at 110; *see also* [DeSimones'] Ex. 2. Following [Appellant] George Kessler's construction of the ditch filled with riprap and the two (2) iron poles, John M. Hennemuth, PLS determined that the entrance to the Right of Way was reduced to 15.54' feet. N.T. 1/27/15, at 111; *see also* [DeSimones'] Ex. 2.[1]

> [1] While Kevin M. Karsnak determined the entrance of the Right of Way to be a greater width of 16.4' feet, [the trial court] conclude[s] that John M. Hennemuth's testimony and survey map are more credible because of his educational background and superior experience in surveying.

Trial Court Opinion, 6/11/15, at 14. Upon review, we find that the trial court did not abuse its discretion when it denied the Kessler's challenge to the weight of the evidence regarding the width of the Right of Way. The trial court found the testimony of John M. Hennemuth, PLS, as well as the survey map he provided, more credible than the testimony of Kevin M. Karsnak. As credibility is a determination exclusively for the fact-finder, the Kesslers' claim fails.

The Kesslers' next claim is a challenge to the trial court's determination that third parties may use the Right-of-Way. The agreement states that

3. The Right of Way shall, at all times, be owned by Kessler[s] their heirs, successors and assigns and shall be used by DeSimone[s], their heirs, successors and assigns only for access to Lot #5 as depicted on Exhibit "A" and as set forth above and no **additional** rights for use of the Right of Way will be given by DeSimone[s] to any third party without the prior written consent and approval of Kessler[s].

Joint Exhibit 5 (emphasis added). The trial court found that

> [w]hen the parties entered into the Agreement, [Appellant] George Kessler testified that he was aware that Dr. Ralph DeMario allowed [Appellees] to have third parties access [Appellees'] property over the paved driveway. N.T., 1/27/15, at 138-139. [Appellee] Sam DeSimone testified that the paved driveway was used, without restriction, by [Appellees], their relatives, friends, neighbors, delivery people, workers and anybody else visiting [Appellees'] home. *Id.* at 21-23. Because [Appellants] were aware of [Appellees'] prior use of the Right of Way prior to the execution of the written Agreement coupled with the [Appellees'] ordinary and reasonable use, [the trial court] conclude[s] that [Appellees] are entitled to exercise all prior rights and privileges in the utilization of the Right of Way without the limitations attempting to be unilaterally imposed by [Appellants]. The typical parties permitted to use the Right of Way include, without limitation, [Appellees], their relatives, friends, neighbors, invitees, delivery trucks (such as septic tank services, fuel, US postal Service and UPS), workers (such as landscapers and contractors), and any third party visiting [Appellees] home or property at [Appellees'] invitation and with [Appellees'] consent.

Trial Court Opinion, 6/11/15, at 13. Moreover, the trial court determined that "in order to read this clause consistent with the ambiguous granting language, [the trial court] conclude[s] that [the DeSimones] are not attempting to grant third parties any **additional** rights." Trial Court Opinion, 6/11/15, at 14 (emphasis added). Upon review, we agree. As discussed above, the Agreement contains general and ambiguous language in the grant; therefore, the easement is to be construed in favor of the grantee and in a reasonable manner. The trial court's interpretation that the easement permits third parties to continue to use the right of way to visit Appellee's home is a reasonable interpretation of the Agreement.

- 9 -

Insofar as the Kesslers' third claim is a challenge to the weight of the evidence, we find that this claim lacks merit. The Kesslers' assert that the trial court abused its discretion for failing to consider the testimony of Attorney James Tressler and the location of the iron poles, swale, survey pins, and landscaping on the property. The trial court was free to believe all, none, or some of the testimony and found the testimony of John M. Hennemuth, PLS credible along with the survey map he used. **See Haan**, 103 A.3d at 70; **see also** Trial Court Opinion, 6/11/15, at 16; DeSimones' Exhibit 1. Therefore, we find that the trial court did not abuse its discretion when it denied the Kesslers' challenge to the weight of the evidence. The Kesslers' claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017