FIFTH DIVISION
Opinion filed March 25, 2011
Modified upon denial of rehearing May 20, 2011

No. 1-09-3442

| | | |
|---|---|---|
| LAWRENCE O'CONNELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | 05 L 6746 |
| | ) | |
| TURNER CONSTRUCTION COMPANY, a Corporation, | ) | Honorable |
| | ) | Marcia Maras, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUDGE EPSTEIN delivered the judgment of the court, with opinion.

Justices Joseph Gordon and Howse concurred in the judgment and opinion.

## OPINION

Plaintiff, Lawrence O'Connell, was injured while working on a construction site. He appeals

the trial court's grant of summary judgment in favor of Turner Construction Company, the

construction manager, claiming triable issues of fact on all of his claims, which are premised on

sections 414 and 343 of the Restatement. Restatement (Second) of Torts §§414, 343 (1965). For the

reasons below, we affirm.

## BACKGROUND

In 2002 Grayslake Community High School District 127 (School District) hired Turner

Construction Company (Turner) as the construction manager for building a new high school campus.

Turner's contract with the School District provided, *inter alia*:

> "**2.2.19** The Construction Manager shall receive bids, prepare bid analyses

and make recommendations to the Owner for Owner's award of Contracts or rejections of bids.

**2.2.20** The Construction Manager shall assist the Owner in preparing Construction Contracts and advise the Owner in the acceptability of Subcontractors and material suppliers proposed by Contractors.

\* \* \*

**2.3.12** The Construction Manager shall review the safety programs developed by each of the Contractors for purposes of coordinating the safety programs with those of the other Contractors. The Construction Manager's responsibilities for coordination of safety programs shall not extend to direct control over or charge of the acts or omission of Contractors, Subcontractors, agents or employees of Contractors or Subcontractors, or any other persons performing portions of the Work and not directly employed the Construction Manager.

\* \* \*

**2.3.15** With respect to each Contractor's own Work, the Construction Manager shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work of each of the Contractors, since these are solely the Contractor's responsibility under the Contract of Construction. The Construction Manager shall not be responsible for a Contractor's failure to carry out the Work in accordance with the respective Contract Documents.

The Construction Manager shall not have control over or charge of acts or omissions of the Contractors, Subcontractors, or their agents or employees, or any other persons performing portions of the Work not directly employed by the Construction Manager.

\* \* \*

**2.3.28** Duties, responsibilities and limitations on authority of the Construction Manager as set forth in the Contract Documents shall not be restricted, modified or extended without written consent of the Owner, Construction Manager, ~~Architects and Contractors~~. Consent shall not be unreasonably withheld."

A supplement to Turner's contract modifies section 2.3.15 by adding "unless such failure could have reasonably been discovered by the Construction Manager" to the second sentence in that paragraph, inserting "and" between Owner and Construction Manager in paragraph 2.3.28, and deleting the last sentence of that paragraph.

Waukegan Steel, a trade contractor hired by the School District for the project, subcontracted its work to Linden Erectors (Linden), plaintiff's employer. On July 17, 2003, plaintiff was injured on the construction site while working with another Linden employee to unravel a large steel perimeter cable using a motorized lift. Plaintiff was injured when the cable he was guiding went slack and then taut, jerking him forward. Plaintiff's "right foot fell in a little hole -- a rut," his neck snapped back, his hardhat fell off, and plaintiff fell to the ground, landing on his knees and hands. He then stood up and continued to work. He did not seek immediate medical attention and maintained his regular work schedule for two months thereafter.

On June 20, 2005, plaintiff filed the instant lawsuit against Turner, Linden, and others,

seeking to recover damages for a cervical spine injury he allegedly sustained by being jerked to the ground by the cable. Plaintiff's claims against all but Turner were settled and dismissed. In January 2009 plaintiff filed a third amended complaint against Turner only, claiming negligence under section 414 (count I) and premises liability under section 343 (count II). Plaintiff maintained Turner was liable for his injuries because it "exercised significant operational and/or supervisor control over the trade contractors, particularly with respect to safety, but also as to details of construction means and methods." The trial court disagreed and granted Turner summary judgment on plaintiff's complaint. Plaintiff appeals, claiming summary judgment was inappropriate because there are genuine and material issues of fact with respect to each of his claims.

## ANALYSIS

Summary judgment is intended to determine whether triable issues of fact exist and "is appropriate where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996).

> "A triable issue of fact exists where there is a dispute as to a material fact or where, although the facts are not in dispute, reasonable minds might differ in drawing inferences from those facts. Although summary judgment is an expeditious method of disposing of a lawsuit, it is a drastic remedy and should be allowed only when the right of the moving party is free and clear from doubt." *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 31 (1999).

1-09-3442

Our review is *de novo*. *Busch*, 169 Ill. 2d at 333.

### A. Turner Is Not Liable Under Section 414

Plaintiff maintains summary judgment on count I was inappropriate because the scope of Turner's control at the construction site is allegedly a material issue of fact and the determining factor for liability under section 414. Control alone does not, however, trigger liability under section 414, which has "been recognized as expressing the law of Illinois." *Haberer v. Village of Sauget*, 158 Ill. App. 3d 313, 319 (1987). Titled "Negligence in Exercising Control Retained by Employer," section 414 "is an exception to the general rule that an employer of an independent contractor is not liable for the independent contractor's acts or omissions." *Doe v. Big Brothers Big Sisters of America,* 359 Ill. App. 3d 684, 695 (2005). It provides:

> "*One who entrusts work to an independent contractor*, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." (Emphasis added.) Restatement (Second) of Torts §414 (1965).

Thus, the prerequisite for applying this section is entrustment of work to an independent contractor by the defendant, absent which section 414 is inapplicable and the issue of control, the focus of plaintiff's appeal here, is never reached. Stated another way, section 414 governs only those instances where the defendant entrusts work to another but retains control over some aspect of the work.

While it is true that in previous section 414 cases such as *Martens v. MCL Construction*

5

*Corp.*, 347 Ill. App. 3d 303, 318 (2004)*, Grillo v. Yeager Construction*, 387 Ill. App. 3d 577 (2008), and *Wilkerson v. Paul H. Schwendener, Inc.*, 379 Ill. App. 3d 491 (2008), this court has focused on *retained* control as the determining factor for liability, there, unlike in this case, the parties' relationship, entrustment, was not at issue. Here, plaintiff was employed by Linden, a subcontractor hired by Waukegan Steel, an independent contractor hired by the School District, not Turner. While plaintiff alleged in his third amended complaint that "Turner was the General Contractor" for the construction site, and Linden its subcontractor, he now concedes:

> "Turner entered into a contract with the School District. In the contract, which Turner drafted, Turner designated itself as 'construction manager.' In Sections 2.3.12 and 2.3.15 of its contract, Turner disclaimed direct responsibility over the subcontractors for job site safety or construction means and methods. There was no written contract directly between plaintiff's employer, Linden. In fact, Turner crafted a procedure wherein all contracts were drafted by it, and Turner handled the bidding process for hiring subcontracts. However, the actual signatories on the contracts were the School District personnel and the contractors/subcontractors. Turner had no direct contracts with any of the contractors or subcontractors."

While Turner may have aided the School District in drafting contracts or handling construction bids, unless Turner actually selected the contractors or subcontractors, something plaintiff does not claim, it cannot be said that *Turner* entrusted them with the work, absent which section 414 is inapplicable. It is therefore irrelevant for purposes of count I what control, if any, Turner exercised at the construction site, for control alone does not trigger liability under *section 414*. While plaintiff now

argues, pursuant to *Ivanov v. Process Design Associates*, 267 Ill. App. 3d 440 (1993), that Turner voluntarily assumed a duty of care outside of section 414 based on its conduct, we need not and do not reach that issue because plaintiff asserted only a section 414 claim before the trial court: "Count I is based on construction negligence under Section 414 of the Restatement (2d) of Torts." See *Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 147 (1975) ("the theory upon which a case is tried in the lower court cannot be changed on review"). Plaintiff's section 414 claim fails as a matter of law. The trial court properly granted Turner summary judgment on count I.

B. Turner Is Not Liable Under Section 343

Section 343 sets forth the circumstances under which "[a] possessor of land is subject to liability for physical harm" to persons on his land. Restatement (Second) of Torts §343 (1965). Turner maintains it cannot be liable under section 343 because, *inter alia*, it was not in possession of the construction site.

"It is a prerequisite to liability under section 343 that defendant be a possessor of land." *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 375 (2009). "Possessor of land" is defined by the Restatement as:

"(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)." Restatement (Second) of Torts §328E (1965).

"Possession" is used "strictly in the factual sense." *Id.* cmt. a. "This *** is in keeping with the reason behind imposing premises liability, namely, that 'the person in possession of property ordinarily is in the best position to discover and control its dangers, and often is responsible for creating them in the first place.' W. Keeton, Prosser & Keeton on Torts §57, at 386 (5th ed. 1984)." *Madden*, 395 Ill. App. 3d at 375.

Here, plaintiff's claim appears to be premised on subsection (a) of section 328E, which has been recognized in Illinois and defines a possessor of land as "a person who is in occupation of the land with intent to control it." Restatement (Second) of Torts §343E(a) (1965); *Esser v. McIntyre*, 169 Ill. 2d 292, 302 (1996) ("for defendant to be an occupier of land, he must occupy land with the intent to control it. (Restatement (Second) of Torts §328E (1965); [citations]." )). The two requirements under that subsection are occupation and intent to control the *land*, as opposed to the activities or individuals thereon. The Restatement does not define "occupation," which Black's Law Dictionary defines in relevant part as: "The possession, control, or use of real property; OCCUPANCY." Black's Law Dictionary 1184 (9th ed. 2009). "Occupancy" means:

> "The act, state, or condition of holding, possessing, or residing in or on something; actual possession, residence, or tenancy, esp. of a dwelling or land. ● In this sense, the term denotes whatever acts are done on the land to manifest a claim of *exclusive control* and to indicate to the public that the actor has appropriated the land. Hence, erecting and maintaining a substantial enclosure around of tract of land usu. constitutes occupancy of the whole tract." (Emphasis added.) *Id.*

"Possession" is in turn defined in relevant part as "[t]he fact of having or holding property in one's

power; the *exercise of dominion* over property." (Emphasis added.) *Id.* at 1281. Plaintiff has not shown here that Turner exercised, or intended to exercise, such authority over the construction site or that a genuine question of fact exists as to that issue. There is no allegation, for example, that Turner could exclude anyone from the premises or that it could even alter what was built where, all of which could denote dominion over the construction site. Plaintiff argues instead that Turner "had general responsibility for safety on the project"; it was "overall in charge of the conduct of the contractors and coordination of activity on the site"; it was responsible for coordinating the contractors' work and correcting any unsafe field conditions; it could stop any unsafe conduct on the site and "had overall responsibility for grounds and site conditions"; it created and enforced the safety program for the project; and it was in charge of deciding "where on the site the various trades would be allowed to 'lay down their job site tools and materials.' " Plaintiff does not, however, tie this alleged authority to a right or intent to control the premises, as opposed to the individuals or activities thereon. In much the same way use of and/or access to a premises do not alone evidence possession (see *Collins v. Mid-America Bag Co.*, 179 Ill. App. 3d 792, 794 (1989) ("licensee whose only interest in the land was permission to use the land" not liable as a possessor of the land because he "did not control the land nor could he intend to control the land"); *Madden,* 395 Ill. App. 3d at 376 (Design consultant not liable under section 343 because it "had no contractual power to direct events on the jobsite, nor did it have the power to exclude others from that site.")), it cannot be said here that control of people or activities on the premises denotes dominion over the land. The facts here simply fail to raise a genuine question of material fact with respect to Turner's alleged possession of the construction site.

The Restatement recognizes that a person may conduct activities on a land or be in charge of the land without being the possessor. It provides, for example, that: "One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land *as though he were* the possessor of the land." (Emphasis added). Restatement (Second) of Torts §383 (1965). It also provides:

> "An independent contractor or servant to whom the owner or possessor of land turns over the entire charge of the land is subject to the same liability for harm caused to others, upon or outside of the land, by his failure to exercise reasonable care to maintain the land in safe repair *as though he were* the possessor of the land."
> (Emphasis added). *Id.* § 387.

This implies that one who controls the land on behalf of another is not the possessor and that limited control of the land does not equate possession. It is apparent here, and plaintiff does not claim otherwise, that whatever authority Turner exercised at the construction site, it did so subject to that of the School District. Turner was not under those circumstances the possessor of the construction site.

> "[A] party moving for summary judgment need not prove its case or disprove the nonmovant's case. [Citation.] Rather, the movant is entitled to summary judgment where it can demonstrate the absence of a genuine issue of material fact. [Citation.] The nonmoving party may defeat a claim for summary judgment by demonstrating that such a question of material fact exists. [Citation.] Although the nonmoving party

also need not prove his case at the summary judgment stage, he must come forth with some evidence that arguably would entitle him to recover at trial." *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 472 (2010).

Plaintiff has not provided any evidence here indicating that Turner controlled or intended to control the land at issue, as opposed to the individuals or activities thereon. There is also no basis for concluding that Turner's authority over the land, if any, was intended to or ever exceed that of the School District. On the record *sub judice* Turner was not the possessor of the construction site, and plaintiff has failed to raise a genuine question of material fact as to that issue. We affirm the trial court's grant of summary judgment on count II.

## CONCLUSION

The trial court properly granted Turner summary judgment on plaintiff's claims. Control alone does not trigger liability under section 414, and Turner is not liable under section 343(a) because there is no evidence that Turner possessed the land at issue.

Affirmed.