NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4559
_____

PAULETTE BILLIE; RONALD BILLIE,
                                        Appellants

v.

AUTISM SPEAKS, INC.
_____

On Appeal from the United States District Judge
for the Eastern District of Pennsylvania
(Civ. No. 5-12-cv-02261)
District Judge: Honorable Michael M. Bayslon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 13, 2013

Before: McKEE, *Chief Judge*, FUENTES, and SLOVITER, *Circuit Judges*

(Opinion Filed: December 16, 2013)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*:

        Appellants Paulette and Ronald Billie appeal from the District Court's judgment in

favor of Autism Speaks, Inc. ("Autism Speaks"). The Billies sought to recover from

Autism Speaks for an injury Paulette sustained at a fundraiser in a park near Allentown,

Pennsylvania. The District Court granted Autism Speaks's motion for summary judgment, on the grounds that "a reasonable fact-finder could not infer, based on the evidence in the record, that [Autism Speaks] had possession of the park." *Billie v. Autism Speaks*, No. 12 Civ. 2261, 2012 WL 6526869, at *1 (E.D. Pa. Dec. 14, 2012). We now affirm.[1]

## I.

Autism Speaks is a non-profit organization that raises funds for autism and research, in part by holding "Walk for Autism Speaks" fundraising events around the country. Walkers are encouraged to raise money before taking part in these walks. Autism Speaks held one such event at Lehigh Parkway, which is owned, maintained, and regulated by the City of Allentown. The City granted Autism Speaks a permit to use Lehigh Parkway for the walk. Under that permit, Autism Speaks was required to follow the rules and regulations of the Parkway. During the walk, Autism Speaks lacked the ability to exclude the general public from walking, running, fishing, bicycling, or otherwise enjoying the Parkway. Thus, Autism Speaks could not exclude persons from the Walk for Autism Speaks who had not taken part in the fundraising efforts. Nor was Autism Speaks permitted to close the Parkway's streets to public traffic.

---

[1] The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 1331. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's decision to grant a motion for judgment as a matter of law. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 268 (3d Cir. 2012).

On the day of the event, Autism Speaks—with the City's permission—set up portable toilets, tents, and a band trailer in the Parkway. These items were removed from the Parkway after the walk's completion.

Paulette Billie attended the walk, along with 8,000 to 10,000 other persons. After parking her car in a field that Autism Speaks used as a makeshift parking lot, Paulette got out of her car and stepped into a large hole. As a result of the misstep, Paulette fractured her ankle.

The Billies brought a negligence action against Autism Speaks in the United States District Court, Eastern District of Pennsylvania, based upon a theory of premises liability. After discovery, Autism Speaks moved for summary judgment. Concluding that no reasonable juror could find Autism Speaks to be the "possessor" of Lehigh Parkway, the District Court granted the motion and dismissed the case. The Billies appealed.

## II.

Under Pennsylvania law, a party may be held liable for an injuries that occur on a premises only if that party possesses the premises in question.[2] *Blackman v. Federal Realty Inv. Trust,* 664 A.2d 139, 142 (Pa. 1995); *see also Estate of Zimmerman v. Se. Pa. Trans. Auth.*, 168 F.3d 680, 684 (3d Cir. 1999) (explaining that "[t]he duty to protect against known dangerous conditions falls upon the possessor of the land"). A "possessor of land" is one who "occupies the land with the intent to control it." *Id.* A party is "considered . . . in control of [a] premises" if it "has authority to manage the land and regulate its use." *Stanton v. Lackawanna Energy Ltd.*, 886 A.2d 667, 676 (Pa. 2005).

---

[2] The parties agree that Pennsylvania law applies in this case.

While a party may possess land without owning it, *Davis v. City of Philadelphia*, 987 A.2d 1274, 1279 (Pa. Cmwlth. 2010), "use of [land] does not [necessarily] equate with possession," *Estate of Zimmerman*, 168 F.3d at 685.

The District Court granted Autism Speaks' motion for summary judgment after concluding that the Billies had failed, as a matter of law, to prove that Autism Speaks was the possessor of Lehigh Parkway. The District Court explained:

> The undisputed facts show that: (1) the City of Allentown owns and maintains the park; (2) Defendant obtained a permit to use the park which required adherence to the City's rules and regulations; (3) Defendant did not modify the park other than by bringing in port-a-johns, tents, and a band trailer; and (4) Defendants have no authority to exclude the public from the park.

*Billie*, 2012 WL 6526869, at *4. For substantially the same reasons outlined by the District Court, we agree that, based on the undisputed evidence in the record, no reasonable trier of fact could conclude that Autism Speaks was a possessor of Lehigh Parkway. This conclusion is particularly compelled by the fact that Autism Speaks lacked the ability to exclude patrons unassociated with its event from the Parkway. As noted in *Hill v. Superior Property Management Services, Inc.*, because "[a] person who has the control of a landowner in actual occupation of property has both the rights and the corresponding abilities to deal with the property as he sees fit . . . [, t]he right of exclusion is significant . . . ." --- P.3d ---, 2013 WL 5587843, at *4-5 (Utah, Oct. 11, 2013); *see also O'Connell v. Turner Constr. Co.*, 949 N.E.2d 1105, 1109 (Ill. App. Ct. 2011)

4

(holding that a defendant did not possess a property, and thus could not be liable for injury that occurred there, because he could not "exclude anyone from the premises").[3]

## III.

For the foregoing reasons, the District Court is affirmed.

---

[3] Even assuming *arguendo* that a question of fact existed as to whether Autism Speaks possessed Lehigh Parkway at the time in question, the Billies' suit would likely be precluded by Pennsylvania's Recreational Use of Land and Water Act ("RULWA"), which provides landowners and land possessors with immunity from negligence liability in instances where the land is provided to the public for recreational purposes. 68 P.S. § 477–3.